UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY E SALMON,

                  Plaintiff,

    v.

SKAGIT COUNTY JAIL,

                  Defendants.

Case No. 2:23-cv-00633-JNW-TLF

ORDER TO SHOW CAUSE, OR PROVIDING LEAVE TO FILE AN AMENDED COMPLAINT

This matter comes before the Court on *pro se* Plaintiff Troy Salmon's motion to proceed *in forma pauperis*. Dkt. 4. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds the complaint fails to state a claim as to Skagit County Medical Department. But the Court provides Plaintiff leave to file an amended pleading by June 9, 2023 to cure the deficiencies identified herein. The Clerk is instructed to re-note Plaintiff's motion to proceed *in forma pauperis* to June 9, 2023.

## BACKGROUND

Plaintiff filed his proposed complaint on May 11, 2023, alleging § 1983 claims arising while he was at the Skagit County Jail. Dkt. 4-1. He states he is convicted and sentenced state prisoner. Plaintiff contends that Skagit County Jail Medical Department, the only named defendant, improperly denied him treatment and medications that were already approved. *Id.* at 4. Plaintiff asserts he has cervical stenosis, degenerative

ORDER TO SHOW CAUSE, OR PROVIDING LEAVE
TO FILE AN AMENDED COMPLAINT - 1

1  arthritis, and neuropathy, and was unable to see a provider for five weeks. *Id.* at 5.

2  Plaintiff alleges that when he did see a provider, the provider did not prescribe the

3  proper medications. *Id.* Plaintiff asserts he has suffered pain; he requests monetary

4  damages from Defendant as well as payment for future treatments and specialists. *Id.* at

5  6.

6  **DISCUSSION**

7  Under the Prison Litigation Reform Act of 1995, the Court is required to screen

8  complaints brought by prisoners seeking relief against a governmental entity or officer

9  or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss

10  the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

11  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

12  monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. §

13  1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

14  I.      Inadequate Medical Treatment

15  Plaintiff alleges that Defendant failed to give him proper medical treatment for his

16  ailments. Based on this, it appears Plaintiff seeks to allege a violation of his Eighth

17  Amendment or Fourteenth Amendment rights.

18  When a claim of inadequate medical care is brought by a pretrial detainee, the

19  claim arises under the Due Process Clause of the Fourteenth Amendment. *Gordon v.*

20  *County of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018).

21  To state a Fourteenth Amendment claim relating to medical care of a pre-trial

22  detainee, a plaintiff must include factual allegations that a state actor acted, or failed to

23

24

25

ORDER TO SHOW CAUSE, OR PROVIDING LEAVE
TO FILE AN AMENDED COMPLAINT - 2

1  act, in a manner that shows deliberate indifference to their serious medical needs.

2  *Gordon v. County of Orange,* at 1124-25.

3      The elements are:"(i) the defendant made an intentional decision with respect to
       the conditions under which the plaintiff was confined; (ii) those conditions put the
4      plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not
       take reasonable available measures to abate that risk, even though a reasonable
5      official in the circumstances would have appreciated the high degree of risk
       involved – making the consequences of the defendant's conduct obvious; and
6      (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

7  *Id.,* at 1125. The defendant's conduct must be objectively unreasonable; concerning

8  element (iii), plaintiff is required to show more than negligence, but less than subjective

9  intent – "something akin to reckless disregard." *Id.* (citations and internal quotations

10 omitted).

11      If Plaintiff files an amended complaint, he should clarify whether all or part of his

12 allegations would be Fourteenth Amendment claims because the facts occurred *before*

13 *his conviction*; or whether his allegations would be an Eighth Amendment claim

14 because the facts occurred after a trial or guilty plea – in other words, *after he was*

15 *convicted*.

16      The Eighth Amendment proscribes deliberate indifference to a prisoner's serious

17 medical needs; it applies to persons who have been convicted of an offense. *Estelle v.*

18 *Gamble*, 429 U.S. 97, 103 (1976). "[T]o maintain an Eighth Amendment claim based on

19 prison medical treatment, an inmate must show 'deliberate indifference to serious

20 medical needs.' " *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v.*

21 *Gamble,* 429 U.S. 97, 106 (1976)). The two-part test for deliberate indifference requires

22 the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat

23 a prisoner's condition could result in further significant injury or the unnecessary and

24

25

ORDER TO SHOW CAUSE, OR PROVIDING LEAVE
TO FILE AN AMENDED COMPLAINT - 3

1  wanton infliction of pain,' " and (2) "the defendant's response to the need was

2  deliberately indifferent." *Jett,* 439 F.3d at 1096 (quoting *McGuckin v. Smith,* 974 F.2d

3  1050, 1059 (9th Cir.1992), overruled on other grounds, *WMX Techs., Inc. v. Miller,* 104

4  F.3d 1133, 1136 (9th Cir.1997) (en banc)). Deliberate indifference is shown by "a

5  purposeful act or failure to respond to a prisoner's pain or possible medical need, and

6  harm caused by the indifference." *Jett,* 439 F.3d at 1096 (citing *McGuckin,* 974 F.2d at

7  1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must

8  allege sufficient facts to support a claim that the named defendants "[knew] of and

9  disregard[ed] an excessive risk to [Plaintiff's] health ...." *Farmer v. Brennan,* 511 U.S.

10  825, 837(1994).

11       In applying this standard, the Ninth Circuit has held that before it can be said that

12  a prisoner's civil rights have been abridged, "the indifference to his medical needs must

13  be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support

14  this cause of action." *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th

15  Cir.1980) (citing *Estelle,* 429 U.S. at 105–06). "[A] complaint that a physician has been

16  negligent in diagnosing or treating a medical condition does not state a valid claim of

17  medical mistreatment under the Eighth Amendment. Medical malpractice does not

18  become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429

19  U.S. at 106; *see also Anderson v. County of Kern,* 45 F.3d 1310, 1316 (9th Cir.1995);

20  *McGuckin,* 974 F.2d at 1050, overruled on other grounds, *WMX,* 104 F.3d at 1136.

21  Even gross negligence is insufficient to establish deliberate indifference to serious

22  medical needs. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990).

23

24

25

1    Also, "a difference of opinion between a prisoner-patient and prison medical

2 authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

3 *Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, Plaintiff "must show that the

4 course of treatment the doctors chose was medically unacceptable under the

5 circumstances ... and ... that they chose this course in conscious disregard of an

6 excessive risk to plaintiff's health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th

7 Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support

8 a claim of deliberate indifference. *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989).

9    Plaintiff fails to attribute any action or inaction to an individual person or persons.

10 Plaintiff refers to a provider, but failed to name them as a defendant. Rather, he names

11 only Skagit County Medical Department as a defendant.

12    The medical department is not a legal entity capable of being sued under § 1983.

13 Rather, Skagit County, a municipality, would be the proper defendant. *See Monell v.*

14 *New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark*

15 *County Sheriff's Office*, No. 3:15-cv-05887 BHS-JRC, 2016 WL 1643988, *2 (W.D.

16 Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show

17 the defendant's employees or agents acted through an official custom, pattern, or policy

18 permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the

19 entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of

20 a constitutional right; (2) the municipality has a policy; (3) the policy amounts to

21 deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the

22 moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470,

23 1474 (9th Cir. 1992).

24

25

1      A municipality "cannot be held liable *solely* because it employs a tortfeasor—or,

2  in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

3  *superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere

4  negligence in training employees cannot support municipal liability; instead, plaintiff

5  must allege facts demonstrating the failure to train amounts to deliberate indifference to

6  the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–

7  89. Finally, a single incident of unconstitutional action is generally insufficient to state a

8  claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th

9  Cir. 2021).

10      Plaintiff has not named the governmental entity Skagit County as a defendant

11  and has also not alleged facts regarding any policy, practice, or custom, of Skagit

12  County as a plausible basis for liability. *See* Dkt. 1-1. If Plaintiff seeks to sue Skagit

13  County, he must name Skagit County as a defendant and allege facts sufficient to meet

14  the required elements of a claim against a municipality -- and plausibly assert a claim

15  that Skagit County violated his federal constitutional or statutory rights.

16      If Plaintiff seeks to sue person(s) in their individual capacity, he must

17  demonstrate that each of the named individual defendants personally participated in the

18  deprivation of his rights.

19                              **CONCLUSION**

20      Due to the deficiencies described above, the Court will not serve the complaint.

21  Plaintiff may show cause why his claim should not be dismissed or may file an amended

22  complaint to cure, if possible, the deficiencies noted herein, on or before June 9, 2023.

23  If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and

24

25

1  contain the same case number. Any cause of action alleged in the original complaint

2  that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114

3  F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa*

4  *Cnty.*, 693 F.3d 896 (9th Cir. 2012).

5       The Court will screen the amended complaint to determine whether it states a

6  claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not

7  timely filed or fails to adequately address the issues raised herein, the Court will

8  recommend dismissal of this action.

9       The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.

10  § 1983 civil rights complaint, a copy of this Order and the *Pro Se* Information Sheet. The

11  Clerk is also directed to re-note Plaintiff motion to proceed *in forma pauperis* (Dkt. 4) to

12  June 9, 2023.

13

14  Dated this 16th day of May, 2023.

15

16                                    _Theresa L. Fricke_

                                      Theresa L. Fricke
17                                    United States Magistrate Judge

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE, OR PROVIDING LEAVE
TO FILE AN AMENDED COMPLAINT - 7